IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DANA W. WEBSTER,** | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| **SECRETARY OF VETERANS AFFAIRS ERIC K. SHINSEKI, et al.,** | Case No. 2:13-CV-95DAK |
| | Judge Dale A. Kimball |
| **Defendants.** | |

      This matter is before the court on Defendants' Motion to Strike Plaintiff's Complaint. Defendants assert that Plaintiff's lengthy Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) and (d)(1).  Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." *Id.*

      In this case, Plaintiff's Complaint seeks damages for discrimination and retaliation based on Title VII and the Rehabilitation Act.  Although Defendants assert that Plaintiff's Complaint is too lengthy, Plaintiff argues that she is only attempting to provide "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff contends that his claims for age discrimination, hostile work environment, and retaliation require him to set forth several facts in order to demonstrate the claims' plausibility.

The court understands Plaintiff's concerns with respect to recent clarifications regarding the necessity of providing adequate factual support for claims.  While Plaintiff's Complaint is not a model for pleading standards, it appears to be a good faith effort to meet the required standards.  In such a situation, the court is not inclined to strike the entire complaint.  The court does not believe that the allegations prejudice or harm Defendants in their ability to respond or move forward with defending the case.  Accordingly, Defendants' Motion to Strike Plaintiff's Complaint is DENIED.

DATED this 2d day of July, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge